CENTRAL OF GEORGIA RAILWAY COMPANY *v.* BROWN.

1. On the trial of a suit against a railroad company by one who had received personal injuries on account of alleged negligence on the part of the company, by reason of a depression on the side of the track at the place where the injury occurred, it was not error to allow the plaintiff to testify as follows: "Q. Had you ever been to Davisboro before? A. Yes, sir; I had got off there once, going north. They stopped at the crossing just north of the depot, and I got off on the opposite side. That is the only time I had gotten off at that landing."
2. Where evidence is admissible for one purpose, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, in the absence of a request to so instruct the jury.
3. In a suit against a railroad company to recover damages for personal injuries to the plaintiff, alleged to have been caused by the negligence of the company, it is not error for the court to charge the jury two sections of the code in immediate connection with each other, where one states a general rule authorizing recovery against a railroad company where both parties are at fault, and the other section states a particular instance in which a recovery can not be had.
4, 5, 6. While the charges to which exceptions were taken in the 8th, 9th, and 10th grounds of the motion for a new trial were not entirely accurate when considered by themselves, yet in view of the entire charge they would not alone require a reversal. But as the case is to be returned for a new trial, they can be corrected on the next hearing.
7. Where evidence was admissible for one purpose, but (in the absence of instructions from the court to the jury to limit its consideration to that purpose) might be considered by the jury for other purposes, it was harmful error requiring a new trial for the court, on written request made therefor, to refuse to instruct the jury that the evidence was admissible for one purpose only, and not to consider it for any other purpose, notwithstanding counsel for the plaintiff stated to the court in the presence of the jury, when objection was made to the admission

of the evidence, that the purpose of the evidence was that for which it was admissible.

9. In a suit against a railroad company to recover damages for injuries alleged to have been caused, among other things, by the negligence of the company in not providing a safe place for passengers to alight from its passenger-trains at a particular place, it is not error for the court to refuse to charge the jury thus: "The plaintiff can recover only upon the specific acts of negligence set out in the petition. The plaintiff alleges that the place was unsafe, because the landing was lower than the tops of the cross-ties. If you should find from the evidence that the landing was not lower than the tops of the cross-ties, you should find that the landing place was not unsafe so far as the surface of the ground was concerned."

APRIL 12, 1912.

Action for damages. Before Judge Rawlings. · Washington superior court. May 13, 1911. ·.

*Lawton & Cunningham,* for plaintiff in error.

*Smith, Hastings & Ransom* and *Hardwick & Wright,* contra.

HILL, J. C. C. Brown filed his petition to recover damages for personal injuries alleged to have been caused by defendant's negligence as hereinafter set out. The case, as shown by the petition and evidence of the plaintiff, is substantially as follows: The plaintiff was a passenger on one of the defendant's passenger-trains, and Davisboro, on the defendant's line of road, was his destination. The train reached Davisboro at night, or so early in the morning that it was yet dark. As the train approached Davisboro the station was announced. The plaintiff, who was a traveling salesman, left the train when it stopped, a suit-case in one hand and a sample-case in the other. There were no lights at the point where he alighted, nor was the moon shining, and no lantern was used by the train crew, it appearing that their lantern was broken. The ground at the point at which the plaintiff alighted was considerably lower than the rails of the track, being several inches lower than the cross-ties. Being in total darkness and in ignorance of the long distance from the bottom step of the car to the ground, and carrying the two valises, plaintiff, on account of the unexpected distance and the absence of any stool on which to step, was thrown violently to the ground when he attempted to alight. In attempting to regain his feet he again fell against a brick wall, receiving the injuries for which suit is brought. The negligence alleged on which he relies for a recovery is the failure of the defendant to furnish a safe place to alight from the train, and in failing to furnish a

light at said point; it being alleged that both concurred in making the particular place at the particular time an unsafe one for passengers to alight, and that the negligence of the defendant in furnishing such unsafe place caused the plaintiff's injuries. He further alleged, that, by his being so thrown to the ground and against the wall, his muscles and nerves were wrenched and torn; that his back was wrenched, and spinal concussion resulted therefrom; that he had to have assistance in reaching the hotel after the injury, and was confined to his bed during the following day; that he had to have immediate medical attention, and to have opiates administered to him. He was later taken to the company's physician in an adjoining town, later still came to Atlanta, and from there went to his home in Alabama. Much medical testimony was introduced at the trial. That for the plaintiff tends to show that he suffers pain most of the time, and is unable to do any work which requires physical effort; and that the injuries are permanent. At the time of the injury he was a traveling salesman, 55 years old, and earning $75 per month and expenses. His physicians' bills were alleged as $200. The defendant denied all the paragraphs of plaintiff's petition, except the first. Under the evidence and the charge of the court the jury returned a verdict for the plaintiff for $8,000. A motion for a new trial was overruled, and the defendant excepted.

1. It is contended that the court committed error in allowing the plaintiff to testify, over the objection of the defendant that the same was irrelevant, as follows: "Q. Had you ever been to Davisboro before? A. Yes, sir; I had got off there once, going north. They stopped at the crossing just north of the depot, and I got off on the opposite side. That is the only time I had gotten off at that landing. Q. Do you know the condition of that landing? A. Yes, sir; it is higher than the track." This evidence was not irrelevant, but was admissible for two purposes: (a) as tending to show that the plaintiff did not know of the depression on that side of the track where he alighted from the train on the night of the injury, and (b) as tending to show, from the condition of the landing, negligence on the part of the defendant.

2. Error is assigned on the admission of the following testimony over the objection of the defendant: "I know there has been some change made in the condition of the ground at that place where

Mr. Brown stated he fell, since he fell there. It was filled in from about the bottom of the rail to the top of the rail; that is where the people get off the train that go from Tennille to Savannah; on the other side it was already filled up. I could not say when that change took place. It is my best recollection that it was sometime afterwards. I couldn't say how long, to save my life. I couldn't say whether it was right quick afterwards or not. My recollection is it was done some short time afterwards. I don't know whether it was some thirty, sixty, or ninety days. I couldn't say positively, but it was done afterwards. The thing that fixed it in my mind was that possibly they were trying to raise the ground there like it was on the opposite [side], and that this thing had occurred and impressed it on my mind. That is about what caused me to notice it. I could not say whether it was a short while or not." It is insisted by the plaintiff in error that the testimony quoted was irrelevant, except for the purpose of showing that the measurement of the distance from the bottom step of the coach from which the plaintiff alighted (the conductor of the train having testified that he had made such measurement on October 17th, 1908) to the surface of the ground was not the correct distance as it existed at the time of the alleged injury to the plaintiff; that the court admitted the evidence without limiting its application, and authorized the jury to find that any change made by the defendant was an admission that the place at which plaintiff alighted was unsafe. We do not agree with this contention. If the evidence was admissible for one purpose, and the defendant wanted it limited to that one purpose, the court should have been asked to so limit it in his instructions to the jury. But where it is admissible for one purpose, it can not be excluded entirely, but may be limited to the purpose for which it was admitted, if a request to limit it has been made to the court. And a failure to give such limitation, in the absence of a request, will not work a reversal of the judgment. *Garbutt Lumber Co.* v. *Camp,* 137 *Ga.* 592 (73 S. E. 841).

3. Complaint is made that the court erred in charging the jury as follows: "No person shall recover damages from a railroad company for injuries to himself or his property, where the same is done by his consent, or caused by his own negligence. If the plaintiff and the agents of the defendant company are both at fault, the plaintiff may recover, but the damages shall be diminished by

the jury in proportion to the amount of default attributable to him. I charge you further, that if the plaintiff, by the exercise of ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover; but in other cases the defendant is not relieved, although the plaintiff may have in some way contributed to the injury sustained." It is insisted that the error in said charge is, that it stated in immediate connection two conflicting principles, without explanation or qualification. We do not think this assignment well taken. By the Civil Code (1910), § 2781, it is declared that no person shall recover damages from a railroad company for injury to himself or his property where the same is done by his consent or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him. There is, however, another rule of law touching the character and extent of negligence on the part of the plaintiff which will prevent a recovery. This is contained in § 4426 of the Civil Code (1910), which declares that if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover; but in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained. The presiding judge in the present case charged each of these sections, in the order in which they have been quoted above. It is contended that this was calculated to confuse the jury, and the case of *Americus etc. Ry. Co.* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105), is cited to sustain the position. It does not do so. In that case the presiding judge first charged the rule that if the plaintiff by the use of ordinary care could have avoided the consequences of the defendant's negligence he could not recover; then immediately, in the same sentence, separated only by a semicolon, and with the appearance of qualifying the rule, added: "but if both parties are at fault, and the alleged injury was the result of the fault of both, then, notwithstanding the plaintiff's negligence, he would be entitled to recover, but the amount of the recovery would be abated in proportion to the amount of fault on her part." Taking these statements together, the jury might have understood that the general rule was that the plaintiff could not recover if she could have avoided the conse-

quences to herself of the defendant's negligence by the use of ordinary care, and failed to use it, but that this was qualified by the fact that if both were guilty of negligence she might recover the diminished amount. In other words, that she might recover the diminished amount although she was guilty of want of ordinary care and could have prevented the injury to herself by its use. In the present case the charge of the court exactly reversed this principle, and first stated the general rule of comparative negligence, that there might be a recovery in case both the plaintiff and the railroad company were at fault, with diminution of damages in proportion to the amount of default, and then instructed the jury that if the plaintiff's fault amounted to a want of ordinary care by the use of which he could have avoided the consequences to himself of the defendant's negligence, there could be no recovery. In other words, the charge in the *Luckie* case qualified or apparently qualified the rule preventing recovery because of failure to use ordinary care, by the rule allowing recovery by abatement of damages if both parties are at fault. In the case before us, if there was a qualification, it was exactly the reverse of that made in the *Luckie* case; so that, after charging the general rule of recovery, with abated damages if both were at fault, the judge then charged that if the plaintiff's fault amounted to the want of ordinary care by the use of which he could have avoided the consequences of defendant's negligence, he could not recover. This is not only the proper instruction to give in such a case, but in the case of *Southern Railway Company* v. *Gore,* 128 *Ga.* 627 (58 S. E. 180), it has been held error not to give it.

It is true that in some of the cases the *Luckie* case has been rather loosely cited, without regard to the exact point which the charge there considered involved, as above explained. But if the judge should give both of these rules of law in a particular case, and if the rule preventing a recovery for failure to use ordinary care is really in substance a limitation upon the rule allowing recovery against a railroad company where both parties are at fault, it is difficult to see how giving the general rule first and the limitation or exception second can be error. The truth is, that these two sections of the code are the law of the State. One states a general rule authorizing recovery against a railroad company where both parties are at fault; the other states a particular instance in

which a recovery can not be had. How it can be error to charge in the language of the code of Georgia in the proper order of general rule first, and limitation or exceptional case second, is not easy to perceive. An examination of the charge given in this case will show that it was very closely analogous to that which it was said, in the opinion in the *Luckie* case, it would be proper to give. In the case of *Macon etc. Railroad Co.* v. *Moore*, 99 *Ga.* 229 (25 S. E. 460), no opinion was filed, but only a headnote. As it cited and depended for what was said on that subject upon the *Luckie* case, it can hardly be supposed that it was intended to conflict with it. If it does so, it will have to yield to it.

4. The 8th ground of the amended motion alleges error because. of the following charge of the court: "So if you find from the facts and circumstances in this case that the plaintiff sustained injuries, and the defendant did not in transporting him exercise extraordinary care, then the plaintiff would be entitled to recover." It is contended that this charge omitted any reference to the principle that if the plaintiff could by ordinary care have avoided the consequences of failure on the part of the defendant to exercise extraordinary care, he could not recover. The court in his general charge had covered this subject, and we do not see how the charge complained of could have confused the jury.

5. The 9th assignment is because the court erred in charging the jury: "If you find, however, as I have before instructed you gentlemen, that the plaintiff and the agents of the company are both at fault, the plaintiff may have in some way contributed to the injury, and he could not have avoided the consequences to himself, caused by the defendant's negligence, if he had exercised ordinary care, then I charge you that he may recover damages of the defendant company, but the damages may be by the jury trying the case diminished in proportion to the amount of default attributable to him." It is contended that this charge left to the discretion of the jury the diminution of the damages, when it is imperative that the damages "shall" be diminished under the circumstances stated. The use of the word "may" for "shall" by the court in that portion of the charge indicated was inaccurate, though he had previously in his charge correctly used the word "shall." As the case is to go back, this apparent slip of the tongue will probably not occur at the second trial.

6. Complaint is made of the following charge: ".Certain tables have been introduced in evidence, and it will be necessary for me to give you some instructions relative to them. You can use them if you see fit, or you may adopt any method .which you see proper in arriving at the amount which the plaintiff would be entitled to recover, in the event you so find." It is contended that this charge vested the jury with the power arbitrarily to fix the measure of ·damages, in the event they should see fit not to use the mortality and annuity tables. The language here used by the court without qualification might have been understood as giving the jury some arbitrary power. But as the case goes back for a new trial, the court will probably not employ language so broad and unqualified as in the former trial. He doubtless meant to instruct the jury that if they saw fit not to use the mortality and annuity tables, they might find an amount for the plaintiff, if the evidence and the law as given them in charge authorized it, after seeking honestly, fairly, and impartially to arrive at a true verdict therefrom, by some deduction of their own, independently of the tables which had been explained to them.

7. Exception is taken to the refusal of the court to charge the jury as follows: "If you should find that the defendant, after August 22, 1908, elevated the surface of the ground at the point where the plaintiff alleges that he alighted, you would not therefrom be authorized to find that the defendant was negligent as to the safety of the alighting place at the time of the occurrence." In a note to this ground of the motion for new trial the presiding judge certifies that when the testimony set out in·the 6th ground of the amendment to the motion for new trial was objected to, the plaintiff's counsel stated to the court, in the presence of the jury, that the purpose of the testimony was to show that between the time of plaintiff's injury and the time of the measurement made by the witness, Wheeler, the ground at the place of the injury had been raised.

Will the above statement of counsel to the court, in the presence of the jury, take the place of instructions from the court to the jury that the consideration of the evidence was to be limited to the particular purpose for which it was admitted? We hold that it does not; and that the failure of the judge to so instruct the jury was harmful error requiring a new trial. The defendant was entitled

to have the evidence which was admissible for one purpose only to go to the jury, not merely with the statement of counsel for the plaintiff to that effect, but with the force of an instruction from the court that it was to be so limited. The jury could not know from the statement of counsel that the consideration of the evidence was to be restricted to the purpose for which it was admitted. The defendant was entitled to have this instruction come from the court itself. The statement of counsel does not have the force of restricting the evidence to the purpose as expressed by counsel, as if an instruction is given to the jury by the court. The statement of counsel would not prevent the jury from considering it; but with a charge from the court to the jury to that effect, they are bound to consider it for the purpose alone for which it is admissible. The statement of counsel would not have the effect of a negation of its use by the jury. If the court had followed up the statement with an instruction to the jury to so restrict its use, it would be all that could be required; but instead of doing that, the court refused to so instruct the jury on a written request. Had he instructed the jury as requested, it would have had the sanction of one having authority to speak. It was recognized by counsel for plaintiff that the sole purpose of the evidence was that between the time of plaintiff's injury and the time of the measurement made by the witness the ground at the place of the injury had been raised, because he so stated; and this court has held a number of times that where evidence is admissible for one purpose, but it might be considered for another purpose for which it is not admissible, in the absence of instructions from the court, if counsel desire the evidence restricted, a request should be made therefor. See *Garbutt Lumber Co.* v. *Camp,* supra.. Here defendant did make the request, and the court should have restricted the consideration of the evidence by the jury as requested. This was a vital question in this case. And the fact that the defendant did change this place of alighting after plaintiff's injury might be considered a strong circumstance by the jury to show negligence on the part of the defendant, in the absence of the instruction requested. It is impossible to say that the jury did not so consider it, although counsel said the purpose of the evidence was as stated by him. This court has ruled, that, following an injury to a person by a railroad company which is sought to.be held responsible therefor, the fact that the

railroad company took additional precautions to prevent other persons from being likewise injured can not be regarded as an admission that it was negligent in not taking such precautions sooner. *Georgia Southern &c. Railroad Co.* v. *Cartledge,* 116 *Ga.* 164 (42 S. E. 405, 59 L. R. A. 118) ; *L. & N. Railroad Co.* v. *Barnwell,* 131 *Ga.* 792 (63 S. E. 501). When the evidence was offered, the attention of the court was called to the point that it was admissible solely on the question of whether there had been a change in the level of the ground before certain measurements were made, and was not admissible for the purpose of showing negligence. Again in this request the court was asked to instruct the jury that this evidence could not be considered as proving negligence. He refused it, and nowhere in the charge touched on the subject. The request used the expression that if after the alleged injury the defendant elevated the surface of the ground at that place, "you would not therefrom be authorized to find that the defendant was negligent as to the safety of the alighting place at the time of the occurrence." If this evidence was wholly inadmissible as tending to show negligence, and could not be considered for that purpose, then certainly the jury would not be authorized to find negligence "therefrom," that is, from such evidence. The court let in the evidence for another purpose. It was a sound proposition of law that it could not be considered as showing negligence, or to base a finding of negligence upon. The request did not really or apparently rule out the evidence for the only purpose for which it was admitted, nor intimate that it could not be considered for that purpose. It only excluded its consideration for an unlawful purpose. It contained a complete and correct proposition of law in itself. If the judge so desired, he could have further charged as to the purpose for which the jury could consider the evidence; but the request contained a complete and correct principle of law, and the fact that it did not include some other additional matter did not render its refusal proper.

8. Error is assigned on the refusal of the court to charge the jury as follows: "The plaintiff can recover only upon the specific acts of negligence set out in the petition. The plaintiff alleges that the place was unsafe, because the landing was lower than the top of the cross-ties. If you should find from the evidence that the landing was not lower than the top of the cross-ties, you should

find that the landing place was not unsafe so far as the surface of the ground was concerned." There is no merit in this ground of the motion for new trial. The acts of negligence alleged by the plaintiff against the defendant were, that no light of any description was placed by the defendant at the place where the injury occurred; that it failed to place a stool beneath the steps of the passenger-cars, to be used by passengers in alighting from said cars, as was customary; and that the place where plaintiff had to alight was rough and uneven, and the ground was from three to six inches below the top of the cross-ties, making the place unsafe for alighting. The request to charge was confined to only one of these alleged acts of negligence, which was calculated to mislead the jury. The court could not instruct the jury what was safe or unsafe, and the charge as requested would virtually have done so. It would have been equivalent to instructing the jury that certain facts proved were not negligence. It is not the province of the court to instruct the jury that certain facts proved do or do not constitute negligence. In the case of *Atlanta & West Point Railroad Co.* v. *Hudson,* *123 Ga.* 108 (51 S. E. 29), it was held: "Except where a particular act is declared to be negligence, either by statute or by valid municipal ordinance, the question as to what acts do or do not constitute negligence is for determination by the jury, and it is error for the presiding judge to instruct them what ordinary care requires should be done in a particular case."

*Judgment reversed. All the Justices concur, except Beck and Atkinson, JJ., dissenting.*

BECK, J. I dissent from the holding of the majority, which has the effect of granting a new trial on the ground that the court erred in refusing to give in charge to the jury the written request for the instruction set forth in the 7th division of the opinion. It was not error to refuse to give this charge, unless it was perfect and complete in itself relative to the subject dealt with. I do not think this request complete and perfect. Standing alone it might have had the effect of leading the jury to believe that the evidence as to raising the surface of the ground had been withdrawn from their consideration. This evidence had been properly admitted, as it was admissible for one purpose. If counsel desired to have the jury limited in their consideration of the evidence to that particular purpose, they should have requested a charge embodying the limita-

tion; and a proper charge for this purpose would have stated to the jury that the evidence was still before them for the particular purpose, but would not be considered by them as tending to show that the defendant had been negligent in respect to the condition of the surface of the ground or its distance from the steps of the car, at the place where the plaintiff alighted. The jury might have been led to regard the request under consideration as one requiring exclusion rather than limitation to a particular purpose. The idea of exclusion was more prominent in the charge requested than the idea of limitation, and the instruction desired was faulty in this respect.

I am authorized to say that Justice Atkinson concurs with me in the views expressed in this dissent.