## 18528.   GILLESPIE *v.* THE STATE.

An instruction to the jury, that, "when witnesses appear and testify, they are presumed to speak the truth, and are to be believed by the jury, unless impeached in some manner provided by law, or otherwise discredited, in your judgment," was correct, and was not subject to exception because of failure to add to it a certain other correct instruction, or to explain, without written request so to do, what was meant by the words, "unless impeached in some manner provided by law, or otherwise discredited."

A verdict approved by the trial judge and supported by any evidence can not be set aside by this court because of alleged insufficiency of evidence.

DECIDED DECEMBER 13, 1927.

Possessing liquor; from Gordon superior court—Judge Pittman. September 17, 1927.

*J. H. Paschall, J. M. Lang,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

BLOODWORTH, J. 1. The court charged the jury: "When witnesses appear and testify, they are presumed to speak the truth, and are to be believed by the jury, unless impeached in some manner provided by law or otherwise discredited in your judgment." This states a proper principle of law. *Hamilton* v. *State,* 143 *Ga.* 265 (5) (84 S. E. 583), and cit.; *Ga. Talc Co.* v. *Cohutta Talc Co.,* 140 *Ga.* 248 (5) (78 S. E. 905). It is urged that this charge is error because the judge failed to give a certain correct charge in connection therewith. "It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case that some other correct and appropriate instruction was not given." *Grant* v. *State,* 152 *Ga.* 252 (109 S. E. 502), and cit. See *Conley* v. *State,* 21 *Ga. App.* 134 (94 S. E. 261).

2. A ground of the motion for a new trial alleges that the court erred "because, after giving said charge as set forth in the fourth ground of this amended motion, the court failed anywhere in his charge to the jury to explain what he meant by his language therein set out, to wit, 'unless impeached in some manner provided by law, or otherwise discredited,' and because nowhere in his charge did he instruct them as to the manner provided by law for the impeachment of witnesses." What is quoted from the case

Criminal, 16 C. J. p. 1014, n. 54; p. 1057, n. 24; p. 1063, n. 85; p. 1218, n. 53 New; 17 C. J. p. 271, n. 41.

of *Grant* v. *State,* supra, is applicable to the assignment of error in this ground of the motion. In addition, "when it is necessary to refer to another special ground of the motion or to the record, it will not be considered." *Jennings* v. *State,* 22 *Ga. App.* 550 (96 S. E. 397); *Hall* v. *State,* 22 *Ga. App.* 112 (4) (95 S. E. 936). Moreover, "the judge should explain to the jury the meaning of technical terms which occur in his instructions, but a failure to do so will not generally be ground for a new trial, in the absence of an appropriate and timely written request for such explanation." *Holmes* v. *Clisby,* 121 *Ga.* 241 (48 S. E. 934, 104 Am. St. R. 103). See *Pickens* v. *State,* 132 *Ga.* 46 (63 S. E. 783).

3. In the trial of a criminal case the jurors are the sole and final arbiters of the facts, and when a case reaches this court, where no error of law has been committed on the trial and the trial judge has approved the verdict, and it is supported by any evidence, however slight, this court is powerless to interfere. ·

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*