## 26561. KIMBRELL *v.* THE STATE.

DECIDED FEBRUARY 10, 1938.

*B. J. Dantone, James R. Venable,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.

BROYLES, C. J. William Kimbrell and Clarence Hart were jointly indicted for the offense of burglary. Hart was first put on trial and convicted. Subsequently Kimbrell was tried and convicted, and his motion for new trial was overruled. On the defendant's trial, Clarence Hart and his mother (Mrs. Hart) testified in behalf of the defendant, and were cross-examined by the solicitor-general.

■ The general grounds of the motion for new trial are not argued or referred to in the brief of counsel for the plaintiff in error, and are treated as abandoned.

■ The first special ground of the motion complains of the following question propounded to Hart on his cross-examination by the solicitor-general, and of Hart's answer thereto: "Didn't you meet this defendant in Maxwell Field in 1930?" The objection to the question was "because it attempts to, and does, put the character of this defendant in evidence, and it is irrelevant, prejudicial, incompetent, and inadmissible." The objection was overruled, and the witness answered: "As to whether I knew him in Alabama two years ago, when I was at the Federal Prison: not that I know of. I wasn't in prison two years ago in Alabama. As to whether I was in prison in Alabama in 1930: Yes, sir, at the Federal Prison Army Camp." Hart, being a witness for the defense, was subject to a thorough and sifting cross-examination by the solicitor-general. The only question excepted to, "Didn't you meet this defendant in Maxwell Field in 1930?" appears a very innocent one, and there is nothing in it to indicate that an answer thereto might put the defendant's character in issue. The ground does not disclose what "Maxwell Field" is, and this court can not take judicial cognizance that it is a prison or that a prison is located there. Moreover, the answer of the witness disclosed that he had not met the defendant at Maxwell Field. There is nothing in the question or in the answer tending to show that the defendant was ever in prison, and the ground is without merit.

■ Mrs. Hart (the mother of Clarence Hart) testified as a witness for the defendant. She was cross-examined by the solicitor-

general; and a ground of the motion for new trial alleges that her cross-examination elicited illegal evidence which put the character of the defendant in issue, and that the court erred in admitting the evidence and in denying the defendant's motion to declare a mistrial based upon such admission. The solicitor had the right to thoroughly cross-examine the witness. The evidence so obtained was very prejudicial to the witness's son (who had previously been convicted), but did not put the *defendant's* character in issue. The court did not err in admitting the evidence, or in refusing to declare a mistrial.

■ "Where evidence is admissible for one purpose, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, in the absence of a request to so instruct the jury." *Central of Georgia Railway Co.* v. *Brown,* 138 *Ga.* 107 (74 S. E. 839); *Smith* v. *State,* 139 *Ga.* 230 (2) (76 S. E. 1016); *Cantrell* v. *State,* 141 *Ga.* 98 (80 S. E. 649); *Gordon* v. *Gilmore,* 141 *Ga.* 347 (3-b) (80 S. E. 1007); *Cooner* v. *State,* 16 *Ga. App.* 539 (5) (85 S. E. 688); *Hamilton* v. *State,* 18 *Ga. App.* 295 (6, 7) (89 S. E. 449). In the instant case evidence as to other transactions by the defendant was admitted for the purpose of showing his motive, scheme, or plan. Under the above-stated ruling, the failure of the court, in the absence of a timely and appropriate written request, to instruct the jury to limit the consideration of the evidence to the one purpose which made it admissible was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*