### 30581. NIX v. THE STATE.

MACINTYRE, J. 1. That part of the charge excepted to in special ground 1 of the motion for new trial as being erroneous is word for word in the language of an approved charge in *Butler* v. *State*, 34 *Ga. App.* 531 (130 S. E. 370). See also *Gillespie* v. *State*, 37 *Ga. App.* 507 (140 S. E. 791), and cit. This ground is not meritorious.

2. That part of the charge excepted to in special ground 2 as being erroneous is substantially the same as the charge approved in *Long* v. *State*, 127 *Ga.* 350, 354 (56 S. E. 444). See also *Jones* v. *State*, 70 *Ga. App.* 431, 443 (28 S. E. 2d, 373); *Perrin* v. *State*, 69 *Ga. App.* 417, 418 (25 S. E. 2d, 823). This ground is not meritorious.

3. "Where evidence is admissible for one purpose, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, in the absence of a request to so instruct the jury." *Central of Georgia Ry. Co.* v. *Brown*, 138 *Ga.* 107 (2) (74 S. E. 839). Under the above-stated ruling, when the allegations of the indictment charge the conviction of a previous felony for the purpose of invoking the maximum penalty for the present felony, and evidence is introduced to prove the previous felony, it is not reversible error, in the absence of a request, to fail to charge the jury that the

742

previous convictions were to be considered solely on the question of punishment. See also *Kimbrell* v. *State,* 57 *Ga. App.* 294, 296 (195 S. E. 460).

4. The evidence authorized the verdict finding the defendant guilty of the larceny of an automobile.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED NOVEMBER 16, 1944.

*James R. Venable, Frank A. Bowers, Jackson L. Barwick, John F. Echols,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye,* contra.