31413.   BROWN *v*. THE STATE.

484

Decided November 7, 1946.

*Hathcock, Milam & Smith, William E. Scott Jr.,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, J. R. Parham, Durwood T. Pye,* contra.

MacIntyre, J. ■ Frank Brown was convicted under an indictment charging him and Jerry Robinson, in two counts, with assault with intent to murder. Count 1 charged an assault upon Eddie M. Hall with a knife. Count 2 charged an assault upon Everett J. Hall with a knife. Frank Brown was tried separately and made a separate motion for a new trial as to each count. The trial judge overruled the motion as to count 1, but granted a new trial as to count 2; and the instant bill of exceptions complains of the overruling of the motion as to count 1, the motion containing general and special grounds.

Eddie Hall testified in effect: That he and his brother Everett "started up to catch the bus [on the safety zone at Five Points]. There was a crowd of people, and everybody was pushing—we were not the only ones that were pushing, and my brother and this other fellow [Jerry Robinson] got in a fight . . they went together there at the side of the safety zone, and I turned around, and when

I did, he [the defendant Brown] made a pass at me. . . I was not doing anything to him, just pushing, trying to get to the other boys. I threw my hand up when he cut me there on the forehead, and then I grabbed him [the defendant Brown] and we got to fighting, until we were separated and they took me to the hospital."

On cross-examination, Eddie Hall testified: "I was in a considerable hurry to catch the bus. I was running along this island to catch the bus. There were a good many people on that island, and I was running and weaving in and out. I don't recall having shoved this defendant's wife and pushing her against the bus in my haste, I bumped into some people, but I don't recall whether or not any one fell over against the bus. I don't recall this defendant saying to me, 'Mister don't shove my wife against the bus where she will get hurt.' I don't recall that anything was said to me at that time."

Officer J. T. Mitchell testified: "I . . went to the landing space at Five Points . . I saw this defendant, Frank Brown, there. He was engaged in a fight with a white man . . I separated the two of them. The white man had blood on him at that time." Eddie M. Hall was called into the courtroom, and Officer Mitchell identified him as the white man with whom the defendant had been fighting. Officer Mitchell testified further: "This knife which you show me is the knife that I saw fall out of the defendant's hand when I hit him with the blackjack. It had blood on the blade. . . When I got there I saw a white boy [Eddie Hall] bleeding." The knife used by the defendant Brown was admitted in evidence.

There was other testimony by other witnesses, but the testimony of these two witnesses, if believed, authorized a conviction of assault with intent to murder on count 1. The defendant introduced one witness, M. S. Benfield, for whom the defendant had worked approximately two years, and who swore as to his good character. The defendant made the following statement: "I haven't never been in any trouble like that. I was just up there going home, and waiting for the bus, and this white fellow went by and pushed me around, and pushed my wife against the bus. I spoke and said, 'Mister don't push my wife in the bus and push her down.' He

didn't say a word, and walked on by to the end of the block where we were waiting for the bus. So, when he walked down and spoke to these other two fellows—I don't know what he said—he turned around and did say, 'Let's go back there [and] kick them negroes.' That's what he said. So he came back, and him and Jerry Robinson got to fighting, and the other two came around the crowd, and one of them hit me and the other one grabbed me and threw me on the ground. I couldn't fight them. I didn't have anything. I didn't have a knife. I begged them to turn me loose, and they did. My wife was standing there and I leaned back in her arms, and he pulled me out of her arms and throwed me down again on the ground. That's all I have to say."

The question here for consideration is the overruling of the motion for a new trial on count 1.

With reference to the general grounds only, if the record disclosed that the evidence for the State, if credible, was sufficient to support the verdict, the jury being the judges of the weight of the evidence, this court can not disturb the judgment of the trial court. *Jackson* v. *State,* 56 *Ga. App.* 392 (192 S. E. 630). "The law allows him [the trial judge] to refuse or grant new trials in the exercise of a legal discretion, but it does not give this court any discretion in the matter. It can only grant new trials when errors of law have been committed, or when the trial judge has abused his discretion in refusing a new trial." *Smith* v. *State,* 91 *Ga.* 188 (17 S. E. 68).

Taking that view of the evidence most favorable to upholding the verdict, for every presumption and every inference is in its favor, the evidence authorized a finding that the accused was guilty of assault with intent to murder as charged in count 1. *Beckworth* v. *State,* 60 *Ga. App.* 688, 689 (4 S. E. 2d, 707).

■ Special ground 6 contends that "the court erred in admitting in evidence, over the objection of the defendant, testimony of Everett J. Hall, that he, Hall, was 'cut—on the neck and stabbed —in the back' by Jerry Robinson, who was tried some weeks ago, for the reason that the testimony tended to influence the jury to find that a conviction was demanded on the count charging the defendant Brown with assault with intent to murder Eddie Hall, set out in count 1 of the indictment."

The State's theory as it related to count 2 was that there was a conspiracy between the defendant Brown, then on trial, and his codefendant, Robinson; the criminal act alleged in count 2 being the actual cutting and stabbing of Everett J. Hall by Jerry Robinson, the codefendant of Brown. The testimony of Everett J. Hall that he was "cut—on the neck and stabbed—in the back" by Jerry Robinson was admissible for the purpose of proving count 2 of the indictment under the State's theory of conspiracy, and in the absence of a request to limit the consideration of such testimony to count 2 alone, it can not be said that the objection here urged was cause for a new trial as to count 1. *Moore* v. *McAfee*, 151 *Ga.* 270 (7) (106 S. E. 274); *Central of Georgia Ry. Co.* v. *Brown*, 138 *Ga.* 107 (2-7) (74 S. E. 839); *Nix* v. *State*, 71 *Ga. App.* 741 (3) (32 S. E. 2d, 206). If the State's theory of conspiracy as to count 2 was not correct, a new trial having been granted by the trial court as to that count, the alleged error in the introduction of such testimony is no cause for a new trial as to count 1. *Wages* v. *State*, 56 *Ga. App.* 365 (5) (192 S. E. 652).

■ Special ground 5 contends that the evidence did not authorize the verdict of guilty against Brown, the defendant on trial, on count 2. Since the trial court granted Brown a new trial as to that count, and this special ground relates only thereto, such ground is not now here for decision, and shows no cause for a reversal.

■ Special grounds 1, 2, 3, and 4 all relate to the instruction on conspiracy and to count 2, which charged an assault on Everett J. Hall that was actually perpetrated by Jerry Robinson, the codefendant of Brown. Since the State's theory as to count 2 was conspiracy, and these grounds relate only to the charge embraced in this count, and the court granted a new trial thereon, any alleged error in the instructions as they related to count 2 would not be cause for a new trial on count 1, which is the only count here for consideration. These assignments of error, relating solely to the instructions of the judge on count 2, are immaterial here, the judge of the trial court having granted the defendant a new trial on this count. *McDuffie* v. *State*, 121 *Ga.* 580 (14) (49 S. E. 708); *Wages* v. *State*, supra.

■ The judge having approved the verdict, we can not say that he abused his discretion in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*