35664. TIDWELL *v.* TIDWELL *et al.*

DECIDED MAY 18, 1955.

*W. B. Mitchell*, for plaintiff in error.

*H. D. Sosebee, Harris, Russell, Weaver & Watkins, Bell & Bell, John D. Comer*, contra.

QUILLIAN, J. The plaintiff in error is referred to in this opinion as the plaintiff, and the defendant in error as the defendant.

1. The evidence, though conflicting, was sufficient to sustain the verdict and the general grounds are without merit.

2. Special ground 1 of the amended motion for new trial complains of the following charge: "When witnesses appear and testify they are presumed to speak the truth and are to be believed by the jury unless impeached in some manner provided by law or otherwise discredited in your judgment." The plaintiff contends that this charge was confusing, misleading, and not correct as an abstract principle of law.

The identical charge was approved as being correct in *Gillespie* v. *State*, 37 *Ga. App.* 507 (140 S. E. 791). This ground is without merit as to the reasons assigned. *Byrd* v. *Grace*, 43 *Ga. App.* 255 (158 S. E. 467); *Gibson* v. *State*, 42 *Ga. App.* 285 (155 S. E. 922).

3. Special ground 2 assigns as error the following charge: "A witness may be impeached by disproving the facts testified to by him, or by proof of contradictory statements previously made by him of matters relevant to his testimony and to the case, or by proof of general bad character. When thus impeached, or sought to be, in either of the latter instances, he may be sustained by proof of general good character."

The plaintiff contends that it was error to specify, as one mode of impeachment, evidence of general bad character, where no evidence of the general bad character of any witness had been introduced upon trial of the case.

"It would not, perhaps, be erroneous, in any case where the testimony was conflicting, for the judge to charge that a witness might be impeached by disproving the facts testified to by him. Civil Code § 5291; *Middle Georgia Ry. Co.* v. *Garnett*, 104 *Ga.* 582 (1); *Chapman* v. *State*, 109 *Ga.* 163. But it is improper for the judge to charge on the subject of impeachment by proof

of general bad character, unless some attempt has been made to thus impeach a witness. Such an error, however, would not generally be a sufficient reason for the reversal of a judgment." *Southern Ry. Co. v. O'Bryan,* 119 *Ga.* 147, 150. (45 S. E. 1000).

Therefore, whether or not there was any evidence as to the general bad character of the plaintiff, it did not in this case constitute a reversible error for the judge to charge on the subject of impeachment by proof of general bad character. *Cotton v. State,* 201 *Ga.* 285 (39 S. E. 2d 530); *Scarboro v. State,* 24 *Ga. App.* 27 (99 S. E. 637).

4. Special ground 3 complains that the court instructed the jury: "Gross negligence is equivalent to failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence or the absence of slight diligence, or the want of even scant care."

The plaintiff complains of this charge as being confusing and not sound as an abstract principle of law. This definition of gross negligence is in the exact language of a charge which was approved by this court in *Hatcher v. Bray,* 88 *Ga. App.* 344, 345 (77 S. E. 2d 64). This ground is not meritorious as to the reasons assigned.

5. Special ground 4 assigns as error the following charge: "Gentlemen, I charge you further that if by the exercise or ordinary care the plaintiff could have avoided the injury to himself, the plaintiff can not recover, even though you find the defendants were negligent as alleged."

The plaintiff contends that this instruction was not correct as an abstract principle of law. This contention is without merit. *Georgia Power Co. v. Holems,* 175 *Ga.* 487 (165 S. E. 284).

6. Ground 5 of the amended motion for new trial complains that the court charged the jury: "Now, gentlemen of the jury, if, in your consideration of this case, you find that the defendant, H. A. Tidwell, was guilty of gross negligence, and if you find that the defendant, James B. Tharpe was guilty of ordinary negligence, then gentlemen, in consideration of the case if you find they were not guilty of the required negligence in either

instance, then you would stop the case there and return a verdict for the defendant in each case, in each instance."

The criticism made of this charge is: "That said charge was confusing and misleading to the jury because they were charged that, if H. A. Tidwell was guilty of gross negligence and James B. Tharpe was guilty of ordinary negligence (which to this point was correct), but immediately in connection thereafter, the jury were confused and misled by the following charge, that 'if you find they were not guilty of the required negligence in either instance, then you would stop the case there and return a verdict for the defendant in each case, in each instance,' because even finding the correct degree of negligence in each instance, no rule of law was given as to that portion of the charge: 'gentlemen, in consideration of the case if you find they were not guilty of the required negligence in either instance.' "

It is obvious that the charge was confused, and had it been the only instructions given the jury as to the result of their finding in reference to the degree of the respective defendants' negligence, it would constitute reversible error.

But the court clarified the charge by further instructing the jury: "Gentlemen, I wish to clarify the question of neglect. I have given you in charge the question of what constitutes ordinary negligence, the degree of ordinary care, and I have also given you in charge the question of what constitutes gross neglect. In this case, gentlemen, the charge in regard to ordinary negligence applies to the defendant, James B. Tharpe, only, and the charge in regard to gross negligence applies to the defendant, H. A. Tidwell. If you find that the defendant, James B. Tharpe, has committed,—that he was negligent in the manner in which he operated his car, then you would be authorized to find against him in favor of the plaintiff, and against him on that point. But in order to find against the defendant, H. A. Tidwell, you must find from the evidence that he was grossly negligent, that he had committed gross negligence. You would not be authorized to return a verdict in any amount against H. A. Tidwell if you find he was guilty of only slight negligence, or of ordinary negligence. That is the rule that the law places upon the driver of the car in which an invited guest is riding."

"An excerpt from the charge of the trial judge which appears

to be involved or confused will not demand a new trial, where the charge as a whole removes the confusion and presents with sufficient clearness the point touched upon in the portion objected to." *Thurman* v. *State*, 14 *Ga. App.* 543 (81 S. E. 796) ; *Central of Ga. Ry. Co.* v. *Cole*, 135 *Ga.* 72 (2). (68 S. E. 804). In considering the charge as a whole it was not confusing and the exception is not well taken.

7. The 6th ground of the amended motion for a new trial complains that the court erred in charging the jury: "However, on the other hand, if you should find that the defendant, H. A. Tidwell, was negligent to the degree required by law, that is, gross negligence, that he was guilty of gross negligence, and that that gross negligence was the sole and proximate cause, or was the proximate cause of the injuries which the plaintiff received, then it would be your duty,—and you found that the defendant, James B. Tharpe, was not negligent to the degree required, then it would be your duty to find in favor of the plaintiff and against H. A. Tidwell, and the form of your verdict in that event would be: 'We, the jury, find for the plaintiff against H. A. Tidwell so many dollars and so many cents.' Now, on the other hand, if you should find that the defendant, James B. Tharpe, was negligent to the degree required by law, that is, ordinary negligence, and that the defendant, H. A. Tidwell, was not negligent to the degree required by law, that is, gross negligence, and that the negligence of James B. Tharpe was the proximate cause of injuries received by the plaintiff, then the form of your verdict would be: 'We the jury, find in favor of the plaintiff and against James B. Tharpe in the sum of so many dollars and so many cents.' "

Had the court instructed the jury that, in order to find against the defendant H. A. Tidwell, they must find that his negligence was the sole and proximate cause of the injuries to the plaintiff, the charge would obviously have been error. But the court charged the jury "or was the proximate cause of the injuries." There is no doubt that, had the charge omitted the words "sole proximate," it would have been a clearer explanation of the rule it expressed, but, since as finally qualified, it gave the correct rule, and it could hardly be thought that the jury was confused by the inadvertent reference to "sole proximate cause," we do not think the charge was error requiring a new trial.

Especially is this true in view of the other instructions given the jury to the effect that, if both defendants were negligent as charged in the petition, and "that the negligence of each was the proximate cause of the injuries received by the plaintiff, then, gentlemen, if you should find that, then you might find a verdict in favor of the plaintiff, and you would go further and determine the amount of damage, under the rules as charged you by the court, how many dollars and how many cents, the jury should assess as an amount of damage, not to exceed the amount claimed in the petition."

This ground of the motion for a new trial is without merit as to the reasons assigned.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*