DAVIS *v.* DAVIS.

1. Where the vendee of land, at the time of taking title thereto, procures a third person to advance a portion of the purchase money and become his surety on a promissory note given to the vendor for the balance, and deposits the deed with such third person as collateral security for the repayment of the purchase money so advanced and as indemnity against loss by reason of the suretyship, and a few days thereafter executes and delivers to such third person his promissory note, due twelve months after date and bearing interest from date, for the whole amount of such purchase money, no resulting trust is created in behalf of such third person, nor does any equitable lien arise by reason of the deposit of the title deed, the code (§2138) declaring that "the delivery of title deeds creates no pledge." In *English* v. *McElroy,* 62 *Ga.* 413, there was a stipulation in writing, and it does not appear that suit was delayed until after the statute of limitations had intervened.

2. The note given by the principal to the surety not being under seal, an action commenced upon it after the expiration of sixteen years from its maturity is barred by the statute of limitations.

December 28, 1891.                              *Judgment affirmed.*

Equity. Trusts. Liens. Title. Pledges. Limitations. Before Judge WELLBORN. Lumpkin superior court. April term, 1891.

On January 8, 1890, Amanda Davis brought an equitable action against Mrs. J. C. Davis. By agreement the case was submitted to the presiding judge, and he held that plaintiff's right of action was barred by the statute of limitations, to which decision she excepted. Her petition alleged that on January 18, 1872, John Davis executed a deed to J. C. Davis to certain land,

describing it, for a consideration of $845; that plaintiff
and her sister, Delilah, were induced by J. C. Davis, he
being unable to purchase the lands and pay for them
himself, to sign their name as security on the note
which J. C. gave at the time to John Davis for the pur-
chase money of the land, which note has been extin-
guished by payments and renewal ; that at the time the
note was executed John Davis executed to J. C. Davis
a deed to the land in escrow, which was never delivered
to J. C. Davis but was delivered to plaintiff as collateral
security and indemnity to her and her sister in the event
they should, as security, have to pay the purchase money
for the land, that on January 22, 1872, J. C. Davis, in
recognition of his obligation to pay such purchase
money, executed and delivered to plaintiff and her sister
a promissory note for the purchase money of the land,
which deed and note have from that time remained in
plaintiff's possession ; that she and her sister, from time
to time, paid all the purchase money to John Davis, and
J. C. Davis paid none of it except $200 which he paid
in final extinguishment of the purchase money debt in
April, 1889, but J. C. Davis went into the immediate
possession, use and enjoyment of the land in 1872, and
received the rents, etc. thereof all the time until his
death, which occurred August 29, 1889, the rents being
of the annual value of $50 or more, which plaintiff
prayed might be estimated and set off against J. C.
Davis and his legal representatives in the adjudication
of the rights of the parties ; that plaintiff's sister has
died leaving plaintiff solely entitled in the matter, which
was more fully confirmed by her sister's will which has
been probated; that some time after J. C. Davis went
into possession of the land he married, and his wife is
now in possession and occupancy and claims the same
as his widow and only heir ; that plaintiff cannot read
and did not know at the time the deed was delivered to

her whether it was made to J. C. Davis or to her, nor did she know until after the death of J. C. Davis that the deed was to him, never having had it examined until that time, but she always considered the deed as delivered to her in pledge for the payment of such purchase money, and was never to be delivered to J. C. until he paid her the purchase money which she and her sister had paid John Davis; that immediately after the death of J. C. Davis plaintiff had a conversation with his widow about the indebtedness, and she recognized her obligation to pay the money to plaintiff and said she would give up the land in payment of the debt, that all she needed on it was a life estate and she would settle with petitioner fairly and fully, but she refuses to come to any adjustment, etc. Petitioner prays for decree against the widow for $845 with interest, subject to a deduction of the $200; that the land be sold for payment of the debt, or, in the event it should be deemed more equitable, that the deed by John Davis to J. C. Davis be set aside and the title to the land be decreed to be in complainant. Attached as exhibits were a copy of the deed, and of the note made by J. C. Davis to plaintiff and her sister. The note was not under seal.

The nature of the testimony sufficiently appears from the petition, except that it appeared that in 1889, when a witness wished to buy a part of the land from J. C. Davis, the latter stated that he would go and see his sister, the plaintiff, and came back and said his sister would not consent for him to sell the land and said she would wait on him for the money he owed them, which they had paid on the purchase money of the land. Also, that the deed was delivered to plaintiff in the presence of J. C. Davis, plaintiff and her sister having paid $500 down, and J. C. Davis, plaintiff and her sister all signed the note to John Davis for the balance of the purchase money, and plaintiff and her sister were to hold the deed

v 88-13

until J. C. paid them the money; that plaintiff and her sister afterwards furnished more of the purchase money paid; that át the time John Davis sold to J. C., plaintiff and her sister being present, the matter was talked over between them all, and plaintiff and her sister were to hold the deed until J. C. paid them the money they had furnished; that Delilah knew at the time that the deed was made to J. C.; that John delivered the deed to J. C. at the time the deed was made, and J. C. handed it to plaintiff and her sister, but went into the immediate possession of the land and exercised complete and exclusive ownership over it until he died in 1889.

WIER BOYD, by brief, for plaintiff, cited Code, §§2316, 2317, 3196; 7 *Ga.* 154; 11 *Ga.* 195.

R. H. BAKER and M. G. BOYD, for defendant, cited Code, §§2917, 2138, 3809; 83 *Ga.* 301; 4 Am. St. Rep. 697–8.