### 2527. SMITH *v.* ICE DELIVERY COMPANY.

1. The judge did not err in overruling the demurrer to the plaintiff's petition. All exceptions to petitions and pleas should be taken at the first term. If a petition is not sufficiently full to enable the defendant to plead thereto, he must make his objections at the first term, or he will be held to have waived any objection which can be cured by amendment.

2. The petition, even if it needed amendment, set forth a cause of action. The admission of indebtedness in a fixed and definite amount implied a promise to pay the amount admitted to be due. That part of the instrument upon which the petition was based was properly construed as a due-bill; and there is no more reason why a reservation of title may not be included in a due-bill than in a promissory note which is to be paid at a fixed date in the future, nor any reason why a due-bill may not include, to secure it, a bill of sale of personal chattels.

3. In a suit to recover the amount of a due-bill and asking a special lien upon the property described in a bill of sale executed to secure its payment, it is not necessary to set forth any violation of the contract other than the refusal of the debtor to pay the debt he has acknowledged, and which he, for that reason, must be presumed to have obligated himself to pay immediately or upon demand.

4. The lack or failure of consideration of a written evidence of indebtedness is a matter of defense, and it can not be asserted by demurrer that any written acknowledgment of indebtedness is without consideration or based upon an illegal consideration, unless this fact is apparent from the face of the writing itself, or unless lack of consideration is deducible from the writing when it is considered in connection with the petition to which it is attached or in which it is incorporated.

DECIDED FEBRUARY 15, 1911.

Complaint; from city court of Savannah—Judge Freeman. January 21, 1910.

*Travis & Travis,* for plaintiff in error.

*Saussy & Saussy,* contra.

RUSSELL, J. The Ice Delivery Company filed a petition against Julian Smith, alleging that the defendant was indebted to it in the sum of $694.65, with interest, "as is shown by an instrument, being an acknowledgment of said debt and a bill of sale to secure said indebtedness, executed by the said defendant, . . . under which instrument title to the following property was conveyed to the Savannah Ice Delivery Company, as security for said indebtedness," a copy of the instrument being attached to the petition. It was alleged that all rights of the Savannah Ice Delivery Company had been legally and duly transferred to the petitioner, and that payment had been demanded and refused, whereupon the petitioner prayed judgment for $694.65, and that the judgment be declared a special lien upon the property described in said bill of sale. The writing referred to is as follows:

"Aug. 31st, 1907.

"Whereas Julian Smith is indebted to the Savannah Ice Delivery Company in the sum of six hundred and ninety-four and

65/100 ($694.65) dollars for ice purchased from them during the
month of July, 1907, and said Julian Smith, being unable at this
time to pay this amount in cash, hereby transfers to said Savannah
Ice Delivery Company the following described property of his, the
title to same to be in the said Savannah Ice Delivery Company, to
protect them as far as the valuations of said property will go to-
ward paying said indebtedness: 3 1-horse wagons, 3 1-horse sets of
harness, 2 mules, 1 horse, 1 buggy and harness; same being prop-
erty of said Julian Smith.

"In witness whereof, I have the day above written signed my
name herewith.                    .            [Signed] Julian Smith.

"Witness: [Signed] R. B. Hubert."

The defendant demurred to the petition generally, upon the
ground that it sets forth no cause of action, because no facts are
stated to authorize the judgment prayed for, nor any facts au-
thorizing any judgment; because no violation of the contract is set
forth, nor any injury to the property of the plaintiff; and because
it is not alleged how the indebtedness of the defendant arose,
whether there was any consideration therefor, or whether the same
was upon open account, note, bill, or bond, or for money had and
received, or for what said indebtedness is claimed. The court over-
ruled the demurrer, and the defendant excepts to this ruling. In
our view of the case there can be no question that the court ruled
correctly. In the first place, the demurrer came too late. The
plaintiff's petition was filed March 29, 1909, and the demurrer was
not filed until February 17, 1910. So far, then, as the demurrer
was addressed to structural and not substantial defects, the ruling
is controlled by the decision of this court in *Austin* v. *Ferst*, 2 *Ga.
App.* 91 (58 S. E. 318), in which we held: "All exceptions to peti-
tions and pleas shall be taken at the first term. If a plaintiff's pe-
tition is insufficient in law, or for any reason is not sufficiently full
to enable the defendant to plead thereto, the defendant must make
his objections at the first term, or he will be held to have waived
any objection which can be cured by amendment." But inasmuch
as a general demurrer generally performs the same office as an oral
motion to strike a pleading which is fatally defective, and the two
are interchangeable in their use (that is, either general demurrer
or oral motion to strike may be used for that purpose), we will
consider whether the petition sets forth a cause of action.

The writing upon which the plaintiff based his case and asked for a judgment was nothing more nor less than a due-bill, which was secured as a part of the same instrument by a bill of sale to the articles of personal property therein mentioned. In the absence of any statement qualifying the acknowledgment of the indebtedness, a promise to pay the indebtedness must be implied; and when there is, coupled with this promise to pay, an allegation that the debtor has refused to comply with his implied promise, the case does not differ from the ordinary suit upon a promissory note. The only practical difference between the express promise in a promissory note and the promise to pay which is necessarily implied in a due-bill is that in the case of a promissory note a definite day is named on which the promise is to be fulfilled, whereas in the case of a due-bill payment can be demanded immediately, and the implied promise is to pay upon demand.

In a suit brought to recover the amount of a due-bill and asking a special lien upon property described in a bill of sale executed to secure its payment, it is not necessary to set forth any violation of contract other than the refusal of the debtor to pay the debt he has acknowledged, and which he is therefore presumed to have obligated himself to pay upon demand.

It is insisted that the plaintiff fails to set forth any cause of action, because the due-bill is payable to the Savannah Ice Delivery Company, and not to the plaintiff. Of course, if there were no further allegation as to the plaintiff's right, the point would be well taken. However, it is specifically alleged "that all rights of the Savannah Ice Delivery Company were legally and duly transferred to petitioner, and that petitioner is now the owner of the said instrument," etc.; and this is a sufficient allegation of the fact that the Savannah Ice Delivery Company, by a sufficient writing, transferred and conveyed all of its interest in the due-bill, as well as the indebtedness and the personal security evidenced thereby, to the plaintiff, or that the plaintiff was otherwise authorized to maintain the action. The defendant can, at the trial, object to any evidence of the transfer which is not in writing, or which may otherwise be incompetent and inadmissible; and if the plaintiff fails to prove by competent testimony that it is the owner of the due-bill, or if the defendant proves that the plaintiff is not the owner, a verdict for the defendant must follow.

It is gravely insisted that the court erred in overruling the demurrer on the ground that the petition is defective because it is stated in the due-bill that the consideration of the debt is ice purchased from the Savannah Ice Delivery Company, and because it is not stated in the petition that the ice was not delivered on Sunday. There is nothing to indicate that the ice was sold on Sunday; and, so far as the insistence that the ice was sold on Sunday is concerned, the point can not be raised by the demurrer, because it would be a speaking demurrer; and it is a matter of proof whether ice or something else was the true consideration of the obligation. The consideration of a note may always be inquired into. If the consideration is immoral, or illegal, or for any reason invalid, either wholly or in part, the right of the plaintiff to recover will be controlled by those facts. But the statement of the due-bill that the consideration was ice would afford no ground for demurrer, unless it were also stated that the ice was sold and furnished on Sunday, in which event an issue of law, and not of fact, would be presented.

According to the allegations of the petition, the defendant impliedly promised to pay the Savannah Ice Delivery Company a definite sum of money which he admitted he owed them. The payment was to be made upon demand. The indebtedness was secured by a bill of sale of certain personal property described therein. The plaintiff demanded payment, and the defendant refused to comply with his promise to pay upon demand. The refusal to pay ripened the cause of action. The general demurrer could not be sustained, for the plaintiff was entitled to recover judgment against the defendant for the amount the latter admitted he owed, and which the law, in its love of justice and honesty, conclusively presumes he promised to pay whenever payment was demanded.

*Judgment affirmed.*