### Holmes *v.* Holmes *et al.*

GILBERT, J. James Holmes filed an equitable petition against Mrs. Ida Holmes and against Jack and Elizabeth Holmes, minors, alleging in substance as follows: In the year 1912 J. O. Holmes, a son of plaintiff, contracted to purchase described lands from one McCranie, paying one thousand dollars in cash and executing notes for the balance due, $1800, and taking from the seller a bond for title. When the purchase-money notes became due J. O. Holmes was unable to pay them, and he induced his father, the petitioner, to indorse his notes; whereupon he obtained from a bank the sum of $1800, and with the money thus obtained he paid to the vendor the balance of the purchase-money due, surrendering the bond for title and receiving a deed to the land. The bank would not agree to lend the money without the indorsement of the petitioner on the notes. On the maturity of the bank's notes the petitioner paid the amount due thereon, with interest. Thereafter the son died, still

owning the land, without having repaid the petitioner, or accounting to him, for the money paid by the latter to the bank. After the death of J. O. Holmes his widow and minor children, defendants in this case, applied to the court of ordinary and had set apart to them as year's support the land in question. The widow now holds and possesses the land, and is seeking to sell the same without paying petitioner the sums described above and claimed to be due; petitioner alleging that the defendants hold the land impressed with a trust to the amount of the sum of money claimed to be due petitioner. All of the defendants are non-residents of this State. The petition prays for process; for a judgment in rem against the described land, and that such judgment be decreed to be a lien upon said land equal in rank and dignity to that of a purchase-money lien; that the described land be impressed with a trust and made subject to the payment of said sum of money, and that such trust be decreed to be superior to the claims of defendants under said year's support; and that a guardian ad litem be appointed to represent and act for said minors. The defendants interposed a demurrer, the material grounds of which are indicated by the following notes. The court sustained the demurrer and dismissed the petition. *Held:*

1. The mere indorsement of the promissory note of another, by means of which the maker is enabled to borrow money from a bank, and the use of such money to pay the purchase-price of land, and a failure on the part of the maker of such note to repay the indorser, will not create an implied or resulting trust in the land in favor of the indorser.

2. " Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code (1910), § 6540. An exception is made by § 5527, in cases of injunctions to stay pending proceedings, " when the petition may be filed in the county where the proceedings are pending," which has no application here. Accordingly the court had no jurisdiction of the persons of the defendants.

*Judgment affirmed. All the Justices concur.*

No. 3094. July 12, 1922.

Equitable petition. Before Judge Thomas. Colquitt superior court. January 20, 1922.

*Dowling, Askew & Whelchel*, for plaintiff.

*Benson & Shipp* and *Kline & Moore*, for defendants.