13322.   ALEXANDER *v.* DEAN *et al.,* executors.

BELL, J.   1.   Where a petition alleges ownership of property in the plaintiff, a conversion of it by the defendant, or, as here, by a decedent whose representatives are the defendants, and a measure of damages peculiarly appropriate to a trover case, the case will be construed as an action of trover. In such an action the plaintiff may elect in his complaint to take a money verdit in lieu of the property. *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344 (2 b), 348 (63 S. E. 270).

2. In the instant case the action was against executors, for a conversion by the testator, who had disposed of the property by sale and died before the bringing of the suit. The cause of action, being one ex delicto, abated with the death of the tort-feasor, and the suit was not thereafter maintainable against the executors. *Callaway* v. *Livingston,* 28 *Ga. App.* 453 (111 S. E. 742), and cases cited.

3. " An action is merely the judicial means of enforcing a right " (Civil Code of 1910, § 5507), and differs from a cause of action in that the latter is the right itself. The provisions of section 4421 do not apply to causes of action, but merely to actions.

4. The provision of the section last referred to, that no *action* for a tort shall abate by the death of either party, where the wrongdoer received any benefit from the tort complained of, does not prevent an abatement of a *right of action* in trover upon the death of the tort-feasor, notwithstanding the sale of the property by the latter; no suit having been begun against the tort-feasor, but the suit being only against his executors. It would be otherwise if the plaintiff, waiving the tort, had sued for the proceeds of the sale as for money had and received.

5. In the instant case a verdict was returned in behalf of the plaintiff. A motion for a new trial, then filed by the defendant executors, was granted upon the ground that the action would not lie, since it was not filed until after the death of the tort-feasor. Following this a material amendment was offered and allowed to the plaintiff's petition. A general demurrer was then interposed by the defendants and sustained; The plaintiff sued out a writ of error complaining of the granting of the motion and also of the dismissal of the suit. There was no error in either of the rulings complained of.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 22, 1923.

Action for damages; from city court of Floyd county — Judge Nunnally. January 20, 1922.

Application for certiorari was granted by the Supreme Court.

*M. B. Eubanks, James Maddox,* for plaintiff.

*Denny & Wright,* for defendants.