13861.  BOARD OF DRAINAGE COMMISSIONERS, etc., *v.* CAREY.

BELL, J.  1.  "It is a well-settled rule of construction that when there is a conflict between two parts of a single act, the latest in position will be declared to be the law, as, from its position, it is presumed to be the last expression of the legislative will." *Lamar* v. *Allen*, 108 *Ga.* 158 (5), 164 (33 S. E. 958).

2.  In section 2 of the drainage act approved August 19, 1911 (Ga. L. 1911, p. 108), it is within the power of the drainage court to fix the compensation of the engineer appointed by it to make the survey of the proposed drainage district, provided the compensation "shall be paid from such funds as may be specifically appointed for said express purpose," to be advanced by the petitioners for the establishment of the district or others promoting the undertaking.

3.  An engineer so appointed has no right of action against the board of drainage commissioners ultimately created.  His compensation shall be paid solely "from such funds as may be specifically appointed for said express purpose."  The liability of the drainage commissioners is only to refund the costs and expenses of the survey to those who advanced the fund "specifically appointed for said express purpose," and are liable to refund to these only "such compensation per diem for the services of [an engineer] as shall be fixed and determined by the drainage commissioners."  See section 36.

4.  Section 36 of the drainage act, hereinbefore referred to, in view of the context and the provisions of the act as a whole, must be construed to apply to the compensation of engineers and others employed to make the survey of the proposed drainage district before the establishment of the district and the incorporation of the commissioners.  Being the last expression of the act upon the subject therein dealt with, it must be held to prevail over any preceding provisions with which it may be in conflict.

5.  Section 10 of the act, in providing that the engineer and the viewers shall have the power to employ such assistants as may be necessary to make a complete survey of the drainage district, does not, in view of sections 2, 16, and 36, confer any power to bind the corporation thereafter to be created to pay an assistant engineer so employed.  The drainage court should see that a fund is provided by the petitioners or promoters for the "express purposes" of meeting such expense before or as the expense is incurred.  See section 13.

6.  This was an action against drainage commissioners, which proceeded upon the theory that the plaintiff had been employed by the engineer and viewers, under the authority of section 10 of the act, to perform services as assistant engineer, and that the drainage commissioners should be held liable for his services at the price alleged to have been fixed by the engineer and viewers appointed by the drainage court.  In the trial of the case the rulings of the court were in accordance with this theory, and the jury returned a verdict in favor of the plaintiff.  The drainage commissioners moved for a new trial, and in the motion excepted to a number of these rulings.  The motion was overruled. *Held*:  The action was not maintainable, and the various rulings of the

court holding that the drainage commissioners should be held liable for the compensation of an engineer fixed by some other body or tribunal were erroneous, and it was therefore error to overrule the motion of the defendants for a new trial.

7. It is the theory of the drainage act that the preliminary expense shall be provided 'for by the petitioners or promoters, to be refunded by the drainage commissioners after the district is established and the drainage commissioners are appointed, but that the refund, as to the compensation of any engineer employed, shall be only such sum as the drainage commissioners shall fix. If such sum shall be fixed at less than the expense already laid out for that purpose, the petitioners or promoters must be losers to the extent of the difference. Those who are thus interested in promoting the project must assume this risk. Such liability of the drainage commissioners is not directly to those employed, but only to refund to the persons advancing the fund for the preliminary expense.

8. In such a case there could no recovery upon a quantum meruit, nor under the general rule in reference to the liability of a corporation upon the contracts previously made for its benefit by the incorporators or promoters, for the reason that a different manner of paying and discharging the preliminary expense of establishing the drainage district, of which the plaintiff's claim forms a part, is specifically provided for in the act.

> Judgment reversed. Jenkins, P. J., and Stephens, J., concur.
> DECIDED JUNE 25, 1923.

Complaint; from city court of Jefferson — Judge Bryson. June 20, 1922.

*Jere S. Ayers, Thomas J. Shackelford,* for plaintiff in error.

*T. H. Burruss, P. Cooley,* contra.