## PIERCE et al. v. HARRISON.

BELL, Chief Justice.  1. A parol obligation to adopt the child of another as the child of the obligor, accompanied by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years and during the obligor's life, may be enforced in equity upon the death of the obligor, by decreeing the child entitled to the rights of a child and heir at law in his estate. *Crawford* v. *Wilson*, 139 *Ga.* 654 (78

S. E. 30, 44 L. R. A. (N. S.) 773); *Savannah Bank & Trust Co.* v. *Wolff*, 191 *Ga.* 111 (11 S. E. 2d, 766).

2. The petition of a minor by next friend, against the widow and natural children of his paternal grandfather, prayed, among other things, that the petitioner be decreed to be the virtually adopted child of such grandfather. It was alleged that, shortly before the death of the petitioner's father in 1928, the father entered into an agreement with the grandfather under which the latter was to adopt the petitioner and have the custody and all parental rights and control over him, and the petitioner was to have all the rights and privileges of a natural son of said grandfather, including the right of inheritance; that the petitioner's mother concurred and acquiesced in said agreement; and that thereafter and until the death of the grandfather in 1939, he did have the custody of the petitioner and exercised exclusive parental control over him, during which time the grandfather frequently remarked and asserted that the petitioner had been adopted by him, and he desired the petitioner to inherit from him and to participate in his estate. *Held*, that these averments were sufficient to show virtual adoption, within the principle stated in the preceding note. *Copelan* v. *Montfort*, 153 *Ga.* 558 (113 S. E. 514); *Columbus Bank & Trust Co.* v. *Jones*, 176 *Ga.* 620 (168 S. E. 561).

3. Where, after the death of the grandfather, his equity in a described tract of land was set apart to his widow (alone) as a year's support, she acquired no greater interest than her husband had therein; and, if the petitioner did in fact occupy the relation of a virtually adopted child as alleged, the widow took the year's support subject to his equitable rights as such virtually adopted child; and purchasers, holding under her with knowledge of such rights, would in like manner take subject thereto. Accordingly, upon establishment of these facts and virtual adoption as alleged, the petitioner would be entitled to a decree that the year's support was void so far as his rights as a virtually adopted child were concerned. Even though he might not in such case be entitled to any interest as a beneficiary under the year's support previously awarded, he would be entitled to the same rights with respect to the entire estate that he would have had if he had been a natural child and heir at law of the deceased, including the rights of a minor child. *Crawford* v. *Wilson*, supra; *Ansley* v. *Ansley*, 154 *Ga.* 357 (3, 4, 8) (114 S. E. 182); *Pair* v. *Pair*, 147 *Ga.* 754, 759 (95 S. E. 295).

(*a*) "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance." *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333).

(*b*) The present case differs on its facts from *Williams* v. *Rosette*, 177 *Ga.* 528 (170 S. E. 373). In that case, the petitioner was a natural child, and therefore any right which he might have had to a year's support was a legal right within the jurisdiction of the court of ordinary. In the instant case, the petitioner's claim is a purely equitable one, based on an alleged contract, and the court of ordinary would have had no jurisdiction to determine it, or to render any judgment affecting the same. *Crawford* v. *Wilson*, 139 *Ga.* 654 (6) (supra); *Burgamy* v. *Holton*, 165 *Ga.* 384 (141 S. E. 42).

(*c*) The two decisions last-above cited were concurred in by all the Justices, and if there is any conflict between them and the decision in *Ezell* v. *Mobley*, 160 *Ga.* 872 (3) (129 S. E. 532), which was not so concurred in, they would take precedence as authority.

4. The petition further alleged in effect that the petitioner and his mother received from the estate of his father approximately $1300; that more than $1000 of this amount was advanced to the petitioner's grandfather at a time when a security deed, made by the grandfather on the land to enable him to pay the purchase-price, was about to be foreclosed; and that the sum advanced to him as stated was so advanced for the purpose of being applied on "the purchase-price of the real estate in question; and it was expressly agreed and distinctly understood that petitioner should be the owner of an undivided half interest therein, which interest of petitioner was to be retained" by the grandfather, "during petitioner's minority in trust for him." The petition does not show affirmatively whether the agreement was in writing or not, but in the briefs counsel for both sides have treated it as an oral agreement. On this assumption, the petition would not allege facts sufficient to raise an implied trust, but would be in violation of the rule that all express trusts must be created or declared in writing. Code, § 108-105; *Davis* v. *Davis*, 88 *Ga.* 191 (14 S. E. 194); *Wilder* v. *Wilder*, 138 *Ga.* 573 (2) (75 S. E. 654); *Holmes* v. *Holmes*, 153 *Ga.* 790 (113 S. E. 81); *Alston* v. *McGonigal*, 179 *Ga.* 617 (2) (176 S. E. 632).

(*a*) A person in whose favor a trust is claimed to result from the payment of purchase-money must pay the purchase-money as his own; if he merely advances it as a loan, no trust will result. *Johnston* v. *Coney*, 120 *Ga.* 767, 776 (48 S. E. 373).

(*b*) Nevertheless, since the petition did not show affirmatively that the agreement was not in writing, it was not subject to demurrer on the ground stated. *Eaton* v. *Barnes*, 121 *Ga.* 548 (3) (49 S. E. 593); *Crovatt* v. *Baker*, 130 *Ga.* 507 (3) (61 S. E. 127); *Beecher* v. *Carter*, 189 *Ga.* 234 (4), 241 (5 S. E. 2d, 648).

5. A special demurrer to a petition must be in writing and filed at the first term, unless there is a later amendment to the petition which materially changes the cause of action, in which event the amendment will open the petition as amended to demurrer. "An immaterial amendment shall not so open the petition or other pleading." Code, §§ 81-1312, 81-1001, 81-1002; *Wood* v. *Wood*, 166 *Ga.* 519 (7) (143 S. E. 770).

(*a*) An amendment to a petition, made after the first term, does not open the petition to special demurrer where, if the petition was defective as contended, the defect was apparent before as well as after the amendment. *Central of Georgia Railway Co.* v. *Keating*, 177 *Ga.* 345 (2) (170 S. E. 493); *Wardlaw* v. *Southern Railway Co.*, 199 *Ga.* 97 (33 S. E. 2d, 304).

(*b*) Accordingly, in the present case, an amendment to the petition, alleging merely that the widow of the petitioner's deceased grandfather had notice and knowledge of the invalidity of the year's-support judgment and of the petitioner's rights and equities as set out in said original petition at all times therein mentioned, and also had notice and knowledge that the petitioner was virtually adopted by his said

grandfather, did not open the petition to special demurrer for misjoinder of causes of action, non-joinder of a legal representative of the grandfather's estate as a party defendant, and lack of sufficient particularity in some of the petitioner's allegations, since, upon a view of the petition as a whole, all of the defects claimed were matters for special demurrer only, and were as clearly apparent before the amendment as afterwards. See, in this connection, *Georgia Railroad & Banking Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200) ; *Burgamy* v. *Holton,* supra.

6. Under the above rulings, the court properly overruled all grounds of demurrer, both general and special.

*Judgment affirmed. All the Justices concur.*

No. 15066. APRIL 4, 1945.

*B. F. Cheek* and *George L. Goode,* for plaintiffs in error.
*William Hall* and *A. S. Skelton,* contra.