34569. WILLIS LUMBER COMPANY *v.* RODDENBERY.

Decided April 21, 1953—Rehearing denied June 10, 1953.

354

*Conger & Conger,* for plaintiff in error.
*Thomas A. Clark,* contra.

GARDNER, P. J. ■ In the exceptions pendente lite, error is assigned by Willis Lumber Company upon the order overruling the demurrers of the defendant. While it does not appear that the court passed upon the demurrers interposed on April 2, 1951, this court will treat the order of the court as overruling the demurrer interposed to the original petition on April 2, 1951, and also the demurrer filed May 7, 1951, which recites that same is directed to the plaintiff's petition as amended. The order overruling said demurrers is dated May 6, 1952, over one year later. The petition both before and after amendment stated a cause of action, and there is no merit in the grounds of general demurrer. The action is one for damages for the unlawful cutting and conversion by the defendants of a stated amount of timber belonging to the plaintiff, it being alleged: that same belonged to the plaintiff and was wrongfully cut by Moore from lands of the plaintiff and sold by Moore to Willis Lumber Company, that the market value thereof was $2,670, and that the plaintiff had demanded of each of the defendants the return of the pine timber so taken or to be paid the market value thereof, which each of the defendants refused to do. The plaintiff then elected to sue for the value of such timber as damages. See Code § 107-105; *Alexander* v. *Dean,* 29 *Ga. App.* 722 (116 S. E. 643). The plaintiff met the special demurrer as to alleging from whom he acquired the title to the land, by so alleging; and the other ground of special demurrer, that the allegation "that said pine timber unlawfully converted is of the value of . . . $2,670," is a conclusion and should be stricken, is without merit.

When the plaintiff so amended, Willis Lumber Company filed a demurrer to the petition as amended, generally, and upon certain grounds of special demurrer, directed at the petition as a whole because no joint cause of action is set forth, and there is a misjoinder of causes, and also a misjoinder of defendants, and upon other special grounds, all of which grounds could have been raised when this defendant demurred to the original petition, and none of which alleged defects were caused by the amendment interposed. The appearance day of this case was April 2, 1951, and these demurrers were filed May 7, 1951, thirty-five days after said day, and after the lumber company had demurred generally and specially to the petition. "All demur-

rers and pleas of the defendant shall be filed in or before the time stated in the process as the appearance day. All demurrers of the plaintiff to the defendants' answer or other pleas shall be filed within 15 days after such defensive pleadings are filed." Ga. L. 1946, pp. 761, 773, amending Code § 81-301. Special demurrers shall be filed at the first term. This is true even though an amendment is made to the petition which materially changes the cause of action and opens the petition as amended to demurrer; yet where the questions of misjoinder of causes, parties, duplicity, and other grounds of special demurrer relate to the original petition, the filing of the amendment will not authorize the filing of the special demurrer after the first term or appearance day. *Baker* v. *Goddard*, 205 *Ga.* 477, 478 (2) (53 S. E. 2d 754). See Code §§ 81-1001 and 81-1002, as amended by Ga. L. 1946, pp. 761, 775. While the judge may dispose of the special demurrer subsequently, it must be filed at the first term, and is not amendable, and new grounds of special demurrer cannot be added to a general demurrer. *Smith* v. *Ice Delivery Co.*, 8 *Ga. App.* 767 (70 S. E. 195); *Central of Ga. Ry. Co.* v. *Motz*, 130 *Ga.* 414 (2), 418 (61 S. E. 1).

None of the grounds of special demurrer filed May 7, 1951, was properly filed within the time required, and the trial court did not err in overruling them.

■ It is urged by Willis Lumber Company that the evidence for the plaintiff failed to authorize a finding that any of the timber belonging to the plaintiff had been acquired by such lumber company, and therefore that a verdict in favor of the plaintiff and against the lumber company for any sum was without evidence to support it. With this contention we do not agree. There was evidence, admissible and competent and of probative value, to the effect that the lumber company acquired from James L. Moore a portion of the timber cut by Moore from the Arline lands, including the lands embraced in those acquired by the plaintiff from Dr. Arline. Reddick testified for the plaintiff that he had been in the timber business for 30 years and had had experience in "cruising timber and in estimating the value of timber on real estate," and was familiar with the land of the plaintiff on which the timber in question had been located and from which the plaintiff claimed it was cut. He testified that

he was familiar with the land lines and with the tract, having acted as broker in the sale of the land to the plaintiff; and in July or August, 1950, he was on the land and noticed that a lot of timber had been cut off the property, and discussed it with the plaintiff, and they talked with the defendant Moore and he admitted cutting the same, and stated that he had hauled the timber to Willis Lumber Company. The plaintiff testified that timber had been cut from his land and that Moore admitted cutting the same and said he had sold the pine timber to Willis Lumber Company. There was evidence as to the amount of timber taken and as to the value thereof. The defendant lumber company, when the plaintiff called on it about the timber, stated that it was not responsible for the timber, that it bought timber, but did not cut it. The company did not deny that they had never purchased any timber from the defendant Moore, and the jury were authorized to find that Moore had cut timber from the lands of the plaintiff and sold the same to the lumber company. The timber cut did not belong to the defendant Moore, and he did not have any right to its possession. A verdict finding that the lumber company had purchased a portion, at least, of this timber of the plaintiff cut by Moore and finding in favor of the plaintiff for $640 was not without evidence to support the same or contrary to the law and the evidence.

■ The defendant lumber company in the first special ground of its motion for new trial assigns error on the admission of certain testimony by one of the plaintiff's witnesses, Reddick, to the effect that the defendant Moore had admitted cutting timber from the lands of the plaintiff and hauling the same to Willis Lumber Company; and the second special ground assigns error on testimony of the plaintiff to the same effect. Such evidence was objected to as hearsay and inadmissible. Moore was a party defendant in the case, and the plaintiff was undertaking to show that Moore had cut timber from his lands. Any admission by the defendant Moore to that effect would be pertinent and admissible, certainly as against such defendant. If the lumber company had wanted the jury to be instructed to the effect that this admission of Moore was not binding on the lumber company, and should have been limited to Moore, a written request therefor should have been presented. Moore, right or

wrong, was a party defendant in this case with the lumber company. See *Moore v. McAfee,* 151 *Ga.* 270 (7) (106 S. E. 274). "Where evidence is admissible for one purpose, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, in the absence of a request to so instruct the jury." *Central of Ga. Ry. Co.* v. *Brown,* 138 *Ga.* 107 (2) (74 S. E. 839); *Hertz Drive UR Self Stations* v. *Benson,* 83 *Ga. App.* 866 (65 S. E. 2d 191).

Furthermore, the record shows that on cross-examination counsel for the defendant went into the testimony of Reddick as to the alleged admission by the defendant Moore. Reddick testified on cross-examination in response to questions of the defendant's counsel that Moore did not say he hauled it all to Willis Lumber Company, and that was in April or May. The plaintiff testified on cross-examination: "Nothing but the pine was taken to Willis according to what Moore told me." In *Bullard* v. *Metropolitan Life Ins. Co.,* 31 *Ga. App.* 641 (6) (122 S. E. 75), it was held: "Error in the admission of certain evidence ordinarily is cured by the introduction without objection of other testimony to the same effect." See *Southeastern Greyhound Lines* v. *Hancock,* 71 *Ga. App.* 471 (31 S. E. 2d 59), holding: "Any error in permitting certain testimony over timely objection became immaterial where later the same evidence was brought out by the objecting party on cross-examination of the same witness."

■ Under the rulings heretofore made, the error assigned in special ground 3, as to the testimony of the plaintiff's witness Reddick concerning the land lines of the plaintiff's tract of land being hearsay and inadmissible, is without merit. Besides, this ground is not in proper form. It states that there is attached as Exhibit A all the testimony of the witness concerning the land lines and boundaries of the plaintiff's land and the timber alleged to have been cut on the plaintiff's land, and that same was hearsay; and it appears that reference to the brief of evidence is necessary to determine and ascertain what the witness testified and whether on direct or cross-examination. Some of said evidence was the result of the cross-examination of the witness and some resulted from the direct examination. This special ground does not show error.

■ There is no merit in special ground 4 that the court erred in denying the motion for a nonsuit, made by the defendant at the close of the plaintiff's testimony, in that the plaintiff had failed to carry the burden of proving that the timber cut from plaintiff's property was delivered to Willis Lumber Company, and there was no legal evidence that same had been so delivered. The plaintiff proved a prima facie case; and, considering his testimony and that of the experienced timber cruiser Reddick, this court has held that the evidence supported a finding in favor of the plaintiff.

Furthermore, an exception to the refusal to grant a nonsuit will not be considered where the verdict for the plaintiff is complained of in the motion for new trial as not being supported by evidence. *Duncan* v. *Redd*, 14 *Ga. App.* 306 (80 S. E. 726).

It follows that the court did not err in denying the motion for new trial of Willis Lumber Company.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

### On Motion For Rehearing.

Able counsel for the defendant in error contend in their motion for rehearing that the court overlooked the principle of law in *Minor* v. *Fincher*, 206 *Ga.* 721 (58 S. E. 2d 389), and cases cited therein, and the case of *Patterson* v. *Baugh*, 56 *Ga. App.* 660 (193 S. E. 664). We have restudied these cases carefully, since counsel for the defendant in error seem so earnest and enthusiastic in their contentions on rehearing. We can see very little similarity in the evidence regarding those two cases and the evidence in the instant case. In *Minor* v. *Fincher*, the court predicates the decision on, "Where the sole evidence relied upon by the plaintiff . . ." In *Patterson* v. *Baugh*, this court held that "The plaintiff thus failed to prove a title in the plaintiffs by paper title back to the State, prescription for twenty years, prescription under color of title for seven years, or in any other way known to the law." In the instant case, the plaintiff in error proved that he purchased the land in 1935. The defendant in error introduced the deed, which was of record, and which described the property particularly. The evidence showed that he paid for the land, went into immediate possession of it, and has been in possession constantly since that time by virtue of said deed, and has been paying taxes on the land. So far as

the evidence revealed, there has never been any dispute as to the line since the defendant in error went into possession, and the neighbors all recognized it as the line. Moreover, J. L. Moore, who cut the timber and sold it to the plaintiff in error, admitted that he cut the timber over the disputed line of the defendant in error. The record further reveals that the defendant in error testified: "I did not put the blazers there, but I was with him [meaning the surveyor]; I did not tell him where to put the blazers. *I know where the line was, but I wanted a registered surveyor to put it there and not myself.* I had the blazers that the surveyor put there, and that is where the surveyor said the line was. I know where the line was before he put it there . . . some of the trees that were cut were right in the middle of my property way away from the line. . . Moore was cutting all the way across through the property from one side, and all through the place . . . all the way from one side of the property to the other, all the way through. . . I bought this property in 1935. I have been familiar with the property for seventeen years."

*Motion for rehearing denied. Townsend and Carlisle, JJ., concur.*