41732. STANSELL v. FOWLER, by Next Friend, et al.

ARGUED JANUARY 6, 1966—DECIDED MARCH 1, 1966— REHEARING DENIED MARCH 23, 1966—

*Frank M. Gleason,* for appellant.

*Joseph E. Loggins, Clower & Royal, E. J. Clower,* for appellee.

Deen, Judge. ■ ■ "To hold a parent liable under the family-purpose doctrine for the negligence of a minor child in operating a motor vehicle owned by the parent it must be made to appear that the parent owning the vehicle kept the vehicle for the comfort and pleasure of the family and expressly or impliedly made it available to the minor child for such purpose." *Yancey v. Munda,* 93 Ga. App. 230 (4) (91 SE2d 204). This petition, which alleges that the defendant owned an automobile which was kept and maintained for the benefit and pleasure of himself and other members of his family, including his son, who on the occasion in question was operating it with his permission, is not subject to general demurrer on the ground that no agency relation between the parties is alleged.

■ The charge of duplicity on the ground that various acts of negligence of the defendant's son were alleged both as ordinary negligence and as wilful and wanton misconduct was not launched against the petition until after the last amendment and long after the original time for filing special demurrers had expired. The petition, if duplicitous, was so from the beginning. "An amendment to a petition, made after the first term, does not open the petition to special demurrer where, if the petition was defective as contended, the defect was apparent before as well as after the amendment." *Pierce v. Harrison,* 199 Ga. 197 (5a) (33 SE2d 680). See also *Willis Lumber Co. v. Roddenbery,* 88 Ga. App. 352 (1) (77 SE2d 110). The special demurrer on the ground of duplicity was filed too late for consideration.

■ The remaining grounds of special demurrer are without merit.

■ The plaintiff filed a final amendment to her petition on September 18, 1965. On September 20, when the case was called for trial, the defendant presented a demurrer which was argued

and overruled, and also, prior to the commencement of the trial, the defendant filed a demand for jury trial and an amendment to his answer containing a like demand. The court held that the demand for a jury came too late and then proceeded to try the case without a jury, entering a judgment at the conclusion of the trial in the sum of $50,563.70 in favor of the plaintiff. The refusal of a jury trial is contended to be error for numerous reasons, only one of which need concern us. If the Act creating the City Court of Chattooga County (Ga. L. 1941, p. 621) clearly set a time as to which the demand shall be made, and that time had passed, then it is not a denial of any constitutional right of the litigants to try the case without the jury, they having impliedly waived their right by failure to comply with the law. *Pelham Mfg. Co. v. Powell*, 8 Ga. App. 38 (68 SE 519). As to this particular court, the situation is this: Section 40 of the Act specified that appearance term, return term, and first term shall have the same meaning. Section 14 specified that the judge shall try the case without a jury unless demand was made in writing "on or before the call of the docket at the term to which the cause is returnable," whereas Section 31 specified merely that in civil cases the demand shall be "entered in writing at the appearance term" without saying anything about the call of the docket. However, in 1950 (Ga. L. 1950, pp. 2639, 2640) Section 40 was stricken and it was provided in lieu thereof that, as to all suits commenced after that date, "the rules of procedure, pleading and practice in civil actions as set out in the Georgia Pleadings and Practice Act (Ga. L. 1946, pp. 761-782) shall apply to and be effective in said City Court of Chattooga County." The 1946 Act generally did away with the old "first term" and "second term" by substituting an appearance day for the appearance term; however, *Code* § 81-201 provides that the return term, or term to which the case is returnable, is that term of court which is in session on the 30th day after the appearance day, and is referred to in *Code* § 81-1003 as the " 'return' or trial term, as defined in *Code* § 81-201." Since the return and appearance terms were synonymous in the original Act creating the City Court of Chattooga County, the discrepancy in the terminology of Sections 14 and 31 was of little moment; however,

.

when this terminology was abandoned and the terminology of the Georgia Pleading and Practice Act was adopted, the two sections fell into irreconcilable conflict, since one section now calls for the demand to be made at the appearance term and the other at the trial term. Furthermore, under the present terminology, since there are four three-month terms of court per year, and since a case may well be filed after the call of the docket at some particular term, and yet the appearance day still be more than 30 days from the day on which such term ends, it would be impossible to comply with Section 14 which says the demand must be made "on or before the call of the docket at the term to which the cause is returnable," it being returnable at a term of court at which the docket had been called even before the suit was filed. The provisions of the Act as it now stands are accordingly completely irreconcilable as to the time when a demand for jury trial must be made. The general rule, that where two parts of an Act are in contradiction to each other the latter will prevail (*Board of Drainage Comm'rs of Jackson County Drainage Dist. No. 2 v. Carey*, 30 Ga. App. 378 (118 SE 445)) cannot be applied, for the rule is based on the fact that the second is the true expression of the legislative will, and in this case it is obvious that the latest expression of legislative will is embodied, not in the Act of 1941, but in the amendment of 1950 which attempted to place the practice and procedure of this court on a par with that of the superior courts of the State generally. In the superior courts the defendant is automatically entitled to a jury trial, but since Sections 14 and 31 were not repealed in toto, and since *Code* § 81-1507, which is a part of the Act of 1946, specifies that its provisions shall apply to city courts "where not inconsistent with the acts creating such city courts or acts amendatory thereof," it is indeed a nice question whether, after the Act creating the city court was amended by adopting the rules of procedure of the superior courts *without reservation*, it did not do away with any necessity for demanding a jury trial. As to the Civil Court of Fulton County, it was held in *Allen v. Hix Green Buick Co.*, 78 Ga. App. 34 (50 SE2d 167) that *Code* § 81-1507, taken alone, prevented the Act of 1946 from pre-empting the procedural field in city courts as to

prior inconsistent provisions of such courts; however, the Acts defining the procedure in the Civil Court of Fulton County do not, as the Act of 1950 does with the City Court of Chattooga County, adopt all of the provisions of the Practice and Pleading Act as controlling in the procedure and practice in the city court. "A repeal by implication takes place only in so far as a statute is clearly repugnant to a former statute, and is so irreconcilably inconsistent with it that the two can not stand together, or is manifestly intended to cover the subject matter of the former and operate as a substitute for it." *Sprayberry v. Wyatt*, 203 Ga. 27, 34 (45 SE2d 625). That part, at least, of the general Act of 1946 which defines the term to which the case is returnable as the return or trial term controls in determining what term of court is referred to by the use of this language in the 1941 Act, and results in creating such a repugnancy within the Act that the least that can be said of it is that no legal time is now fixed within which a demand for jury trial must be made. It is as if no time limit at all had been set. "If the statute sets no time limit within which the demand must be made, it may be made at any time before the case is called for trial, or upon the call for trial. *Brown v. State*, 89 Ga. 340 (15 SE 462)." *One Hour Valet of Peachtree v. Kamor*, 103 Ga. App. 618, 621 (120 SE2d 130). Upon the call of this case for trial, counsel having announced ready, the first issue discussed was whether it would be tried with or without a jury; after disposing of that issue the demurrer was argued and overruled, the jurors were then dismissed, and, finally the trial got under way. This procedure sufficiently meets the requirement of a demand "upon the call of the case for trial," and it was error for the trial court to hear and decide the issues without the intervention of the jury.

■ While counsel for the appellant concedes that if the son, Larry, were shown by the evidence to have been driving a family-purpose car he would be the agent of the defendant and therefore subject to cross examination under *Code* § 38-1801, it is contended both that the verdict was unsupported by evidence and that the ruling of the court permitting the plaintiff to call Larry Stansell to the stand for purposes of cross examination was error because a finding is demanded that the automobile

operated at the time of the homicide belonged to the son rather than to the father. The ownership of the automobile was in our opinion a jury question. The defense made out a strong case for the proposition that while legal title was taken in the name of the defendant for the purposes of financing the purchase of the car, all money invested in it was the separate property of the son, who acquired thereby a perfect equity, and that the father did not claim or exercise any control or right of ownership over it. On the other hand, the plaintiff showed that the defendant father negotiated for the purchase of the car, forwarded the payments, received a bill of sale and invoice made out to him alone, financed the purchase through a local bank, bought the license plates and returned the vehicle for taxation in his own name, and also that some family-purpose use was established by the fact that the contended owner, Larry, used the vehicle in part to drive a younger brother to and from school, as well as the fact that it had been used to make deliveries of goods in the course of the defendant's business. It cannot be said that the record is devoid of proof that the defendant was in fact the owner.

■ Any error in overruling an objection to a question asked of the witness on cross examination as to whether he had run tests on the stopping distance of the automobile at various speeds, the objection being on the ground that no proper foundation was laid, was rendered harmless by the answer to the effect that no tests of any kind had been conducted by him.

Because of the error in denying the defendant's demand for a jury trial, the judgment of the trial court is

*Reversed. Nichols, P. J., and Hall, J., concur.*