## 71018. DeKALB COUNTY v. NALL.
### (343 SE2d 113)

SOGNIER, Judge.

The Recorder's Court of DeKalb County found that James Nall was in violation of a DeKalb County ordinance by maintaining an illegal driveway which connected Nall's commercial property with a residential street. Nall filed an appeal by writ of certiorari to the Superior Court of DeKalb County which reversed Nall's conviction. We granted DeKalb County's discretionary appeal.

The DeKalb County ordinance in question provides: "Existing streets shall be connected and extended as shown on the thoroughfare plan within the limits of the development. However, streets or portions of streets adjacent to a proposed nonresidential or RM use which are developed and are being used exclusively for residential access shall not be connected, extended or in any way provide access to a nonresidential or RM use. In addition, private drives which provide access to a nonresidential or RM use shall not be permitted in any residential district." DeKalb County Code § 11-2294 (4). The superior court held that the foregoing ordinance prohibits access to a residential street only from a *proposed* nonresidential use and, because appellee's commercial property was extant rather than proposed at the time the driveway was constructed, appellee was not in violation of the ordinance.

Appellant contends the superior court erred by construing the ordinance to restrict access to a residential street only when the nonresidential use is a "proposed" use. Appellant argues that under the correct construction of the statute, the access restrictions apply

equally to existing nonresidential uses, such as that of appellee, and proposed nonresidential uses.

"The cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." *Ford Motor Co. v. Abercrombie*, 207 Ga. 464, 467 (62 SE2d 209) (1950); OCGA § 1-3-1 (a). " 'Where there is an apparent conflict between different sections of the same statute, the duty of a court is to reconcile them, if possible, so as to make them consistent and harmonious with one another. If they cannot be so reconciled the one which best conforms to the legislative intent must stand. Where a particular expression in one part of a statute is not so extensive or large in its import as other expressions in the same statute, *it must yield to the larger and more extensive expression*, where the latter embodies the real intent of the legislature.' " (Citations omitted; emphasis in original.) *Oxford v. Macon Telegraph &c. Co.*, 104 Ga. App. 788, 791-92 (123 SE2d 277) (1961). "The general rule [is] that where two parts of an [a]ct are in contradiction to each other the latter will prevail. . . ." *Stansell v. Fowler*, 113 Ga. App. 377, 380 (2) (147 SE2d 793) (1966). Finally, "[i]t is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part. It is not presumed that the legislature intended that any part would be without meaning. [Cit.]" *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (2) (219 SE2d 115) (1975).

An examination of the ordinance reveals that the legislative intent behind its enactment and the purpose for the ordinance is to distance traffic entering and leaving commercial uses from adjacent residential streets. In light of that legislative intent and the foregoing rules of construction, we hold that the language in the ordinance prohibiting access to residential streets applies to existing nonresidential uses as well as proposed nonresidential uses. The trial court's interpretation of the ordinance construing the word "proposed" as restricting the entire application of the ordinance solely to "proposed nonresidential or RM uses" would unreasonably thwart the legislative intent behind the ordinance because it would exempt a business in existence for only one day (and thus no longer "proposed") from the ordinance prohibition. Under our holding, the use of the word proposed must be construed as explicitly including "proposed" nonresidential and RM uses in the ordinance prohibition in addition to existing nonresidential and RM uses, thus implementing the intent of the legislature. See generally *Houston*, supra; *Stansell*, supra. Therefore, in light of the legislative intent and in order to give meaning to all parts of the ordinance, see *Houston*, supra, we hold that the ordinance prohibits the provision of access from a street or portion of a

street, adjacent to an existing or proposed nonresidential or RM use, developed and used exclusively for residential access, to the existing or proposed nonresidential or RM use. See generally *Oxford*, supra.

No traverse having been made to the facts contained in the judge of the recorder's court's answer to the petition for writ of certiorari, those facts control here, see *Cox v. City of Lawrenceville*, 168 Ga. App. 119 (1) (308 SE2d 224) (1983), and we will not entertain appellee's arguments disputing those facts. Accordingly, the recorder's court correctly determined appellee was in violation of DeKalb County Code § 11-2294 (4) and the judgment of the superior court is reversed.

*Judgment reversed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 22, 1986 —
REHEARING DENIED MARCH 27, 1986 —

*Albert Sidney Johnson, Wade H. Watson III*, for appellant.
*H. Fielder Martin, Neal G. Patton*, for appellee.